United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK BUCKHORN, et al., | Case No. 15-cv-04352-EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING CROSS-DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM** |
| MARLON EUGENE HETTINGER, | Docket No. 84 |
| Defendant. | |

Cross-Defendant Fregoso Builders, Inc. moves to dismiss Cross-Complainant Marlon Eugene Hettinger's sole counter-claim. Mr. Hettinger has not filed an opposition. For the reasons below, and because this matter is appropriate for resolution without oral argument, *see* Local Civ. Rule 7-1(b), the Court **GRANTS** Fregoso's motion to dismiss. Mr. Hettinger may file an amended complaint within 30 days.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This case began as an effort to recover employee benefits under the Employee Retirement Income Security Act ("ERISA") of 1974. *See* 29 U.S.C. § 1145. Plaintiffs Jack Buckhorn and Anisa M. Thomsen are the trustees and fiduciaries for various trust funds representing electrical workers. Second Amended Complaint ("SAC") ¶ 2. Fregoso Builders, Inc. assigned its claims against Defendant Marlon Eugene Hettinger to the Trust Funds in March 2016. *Id.* ¶ 7. Mr. Hettinger, who does business as Hettinger Electric, was an employer who authorized the Redwood Empire National Electrical Contractors as its bargaining representative to bind himself to certain collective bargaining agreements and trust fund plans. In the case in chief, Plaintiffs seek to recover allegedly outstanding contributions from Mr. Hettinger for June, July, and August 2015.

On January 26, 2018, the Court ordered Mr. Hettinger to show cause why default should

not be entered in light of his failure to answer Plaintiffs' second amended complaint. *See* Docket No. 80. The Court vacated the Order after Mr. Hettinger filed a response, including an answer asserting a counter-claim against Plaintiff Fregoso Builders, Inc. ("Fregoso"). *See* Docket No. 83 ("Answer").

Mr. Hettinger is pro se and he filed a form answer. In the section concerning affirmative defenses, Mr. Hettinger asserts that "Fregoso builders is not part of the signatory agreement that Hettinger Electric signed with Plaintiff" but rather "was the general contractor on this project." Answer at 3. Fregoso "had a time and [m]aterial contract with Hettinger Electric and was not billed for the employee benefits for this Project." *Id.* Mr. Hettinger also asserts a single counterclaim against Fregoso, stating in the entirety that the claim is for "[u]npaid benefits for the employees working on the Sonoma State housing project" in the amount of $15,851.44 and $3,381.40. *Id.* at 4. No further information is provided. It is unclear, for example, how, if at all, the allegations in Plaintiffs' complaint are related to Defendant's counterclaims or how the information listed in the affirmative defense section relates to the counterclaim (if at all).

## II. <u>DISCUSSION</u>

Fregoso moves to dismiss under Rule 12(b)(6) or, in the alternative, for a more definite statement under Rule 12(e). Rule 12(b)(6) permits the court to dismiss a complaint that fails to plausibly state "a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6); *Aschroft v. Iqbal*, 556 U.S. 662 (2009). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citation omitted).

Even construed liberally, Mr. Hettinger's cross-complaint fails to state a cognizable claim. Though it is evident he seeks to recover unpaid benefits, the legal basis for his entitlement is not alleged. For example, it is not clear whether Mr. Hettinger asserts that Fregoso owes the benefits amounts because of a contractual or statutory duty.

Additionally, Mr. Hettinger appears to seek the unpaid benefits on behalf of "the employees working on the Sonoma State housing project," but he does not provide any factual

information to support a finding that he has standing to do so.  For example, it is not clear if Mr. Hettinger is seeking to recover benefits owned to his own employees or to him personally.  Moreover, if Mr. Hettinger is one of the employees, it is not clear if he intends only to recover the benefits specifically owed to him or if he seeks to represent the other employees on a class-wide basis under Federal Rule of Civil Procedure 23.  No background information is provided about the "Sonoma State housing project" and its relationship to Mr. Hettinger or Fregoso.

In light of the lack of clarity, the Court cannot infer the factual or legal basis for Mr. Hettinger's legal claim against Fregoso.  The Court will therefore **GRANT** Fregoso's motion to dismiss the counterclaim.  However, Mr. Hettinger may file an amended counter-claim within 30 days of this order to attempt to state a claim.  In his amended complaint, Mr. Hettinger should include sufficient, specific factual allegations to enable Fregoso and the Court to understand the factual and basis for his claim.  For example, the complaint should explain the basis of any legal duty owed by Fregoso to Mr. Hettinger (*e.g.*, if there is a contract, what the contract requires, and so on), the nature of the unpaid benefits and to whom they are owed (*e.g.*, to Mr. Hettinger, to his employees, or to both, and if to his employees, then Mr. Hettinger's basis for asserting standing to bring claims on behalf of his employees), and any background information necessary to understand the claim (*e.g.*, the nature of the Sonoma State housing project and Mr. Hettinger's and Fregoso's role in it).

Finally, the Court advises Mr. Hettinger that he may wish to contact the Court's Legal Help Center, which provides free information to pro se litigants about legal rights and responsibilities, court procedures, and so on.  The Legal Help Center can be contacted at 415-782-8982 and more information is available on the Court's website at https://www.cand.uscourts.gov/legal-help.

///

///

///

///

///

This order disposes of Docket No. 84. The April 19, 2018 hearing is hereby **VACATED**.

**IT IS SO ORDERED**.

Dated: April 3, 2018

_____
EDWARD M. CHEN
United States District Judge