UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK BUCKHORN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MARLON EUGENE HETTINGER,<br><br>　　　　Defendant. | Case No. 15-cv-04352-TSH<br><br>**ORDER RE: PLAINTIFF'S MOTION TO DISMISS AND DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. Nos. 186, 188 |

## I.   INTRODUCTION

Plaintiffs allege Defendant Marlon Eugene Hettinger failed to pay contributions owed under the parties' collective bargaining agreement, as governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 502, 515. Plaintiff Fregoso Builders, Inc. brings a related breach of contract claim. Hettinger brings counterclaims for indemnity.

Fregoso moves to dismiss Hettinger's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that his claims are untimely and violate prior orders of this Court. ECF No. 186. At the same time, Hettinger moves to dismiss under 12(b)(6) or, in the alternative, for judgment on the pleadings under Rule 12(c) as to Fregoso's breach of contract claim on the grounds that the parties never entered into a valid contract and, even if they had, any claim is barred by the statute of limitations. ECF No. 188. The Court finds these matters suitable for disposition without oral argument and **VACATES** the October 15, 2020 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Fregoso's motion and **DENIES** Hettinger's motion for the following reasons.

## II. BACKGROUND

**A. Parties**

Plaintiffs Redwood Empire Electrical Workers Health and Welfare Trust Fund, Redwood Empire Electrical Workers Pension Trust, Joint Electrical Industry Training Program, National Employees Benefit Fund, Redwood Empire Electrical Workers Work Recovery Fund, and Redwood Empire Vacation Fund are employee benefit plans as defined ERISA § 3(3), 29 U.S.C. § 1002(3), and are multi-employer plans as defined by ERISA §3(37)(A), 29 U.S.C. §1002(37)(A). Third Am. Compl. ¶ 1, ECF No. 181. The Boards of Trustees of each named employee benefit plan are fiduciaries under ERISA §402(a), 29 U.S.C. §1002(a). *Id.* Plaintiff Anisa M. Thomsen is a Trustees of the Plaintiff ERISA Trust Funds with authority to act on behalf of all Trustees. *Id.* Plaintiff Jack Buckhorn is no longer a Trustee of the Plaintiff ERISA Trust Funds; therefore, John P. McEntagart is acting on his behalf as Trustee of the Plaintiff ERISA Trust Funds. *Id.* As Trustee of the Redwood Empire Electrical Workers Health and Welfare Trust Fund, Thomsen is authorized to bring suit and collect monies for all Plaintiff ERISA Trust Funds. *Id.*

Defendant Hettinger, individually and doing business as Hettinger Electric, is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and section 2(2) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(2). *Id.* ¶ 2.

Plaintiff Fregoso Builders, Inc. is a general contractor who entered into a written contract with Hettinger for him to work as an electrical subcontractor of Fregoso. *Id.* ¶ 3.

**B. Relevant Agreements**

**1. Bargaining Agreements**

On February 3, 2011, Hettinger signed a document known as the Letter of Assent, through which Hettinger authorized the Redwood Empire Chapter of the National Electrical Contractors Association ("NECA") to be its collective bargaining representative. *Id.* ¶ 12. The Letter of Assent binds Hettinger to all the provisions of the ongoing Inside Labor Agreements between I.B.E.W. Local 551 and the Redwood Empire Chapter of NECA, effective as of February 3, 2011. *Id.* ¶ 13. The letter provides that it shall remain in effect until Hettinger terminates it by giving written notice to Local 551 at least 150 days prior to the then-current anniversary date of the

2

applicable labor agreement. *Id.*

By virtue of the Letter of Assent, Hettinger was bound to the terms of a collective bargaining agreement known as the Inside Agreement between Local Union 551 International Brotherhood of Electrical Workers and Redwood Empire Chapter NECA. *Id.* ¶ 14. The agreement, which was effective from June 1, 2015 through May 31, 2017, requires the payment of fringe benefit contributions to the Plaintiff Trust Funds. *Id.* It also requires fringe benefit contributions to the National Electrical Benefit Fund, Labor Management Fund, and the National Electrical Industry Fund. *Id.*

Pursuant to the Bargaining Agreement, fringe benefit contributions are due 15 calendar days following the month in which the hours were worked. *Id.*, Art. VI. It requires an employer to pay liquidated damages and interest on delinquent contributions. *Id.* ¶ 15. It also requires that an employer who fails to make the required contributions to the Plaintiff Trust Funds also pay all costs of collection, including attorneys' fees. *Id.*

Pursuant to the Trust Agreements for the Plaintiff ERISA Trust Funds, the Trustees of the Trust Funds may require an employer to submit its records to an accountant selected by the Board of Trustees for audit and must pay all amounts found due pursuant to the audit. *Id.* ¶ 16. The Board of Trustees may also file a lawsuit against a delinquent employer and may recover the principal delinquent amount due, attorneys' fees and costs, applicable audit costs, and 10% per annum interest on any delinquent contributions, as well as 20% liquidated damages. *Id.* ¶ 17. The Board is also authorized to formulate and implement rules and regulations to facilitate the proper functioning of the Plaintiff Trust Funds, through which they have adopted Collection Procedures detailing the procedures for collecting employer contributions. *Id.* ¶ 18.

### 2. Agreements Between Fregoso and Hettinger

In response to an advertisement soliciting bids, Fregoso elected to bid on a public work of improvement known as the Cabernet Village Student Housing Project, located on the campus of California State University Sonoma (the "Sonoma State Project"). *Id.* ¶ 19. Fregoso solicited bids from trade subcontractors, including the electrical scope of work. *Id.*

In June 2015, Hettinger entered into a written subcontract with Fregoso to work as an

1    electrical subcontractor for Fregoso on the Sonoma State Project. *Id.* ¶ 20 & Ex. 1 (Sonoma State
2    subcontract). The contract provides that Hettinger will be in default of its terms in the event that
3    he becomes delinquent with respect to contributions or payments required to be made to any
4    health and welfare, pension, vacation, apprenticeship or other employee benefit program or trust.
5    *Id.* The subcontract also provides that in the event that Hettinger is terminated, it shall be entitled
6    to no further payment until the balance of the work has been completed. *Id.*

7    The Sonoma State subcontract further provides that Fregoso is authorized to use whatever
8    means in its discretion it may deem appropriate to cause any liens or suits on the project to be
9    removed, and provides that Hettinger shall be responsible for all attorneys' fees and costs required
10   to remove said lien. *Id.* ¶ 21. It additionally provides that the full performance of Hettinger's
11   obligation to remove any liens or suits on the Sonoma State Project, including the payment of any
12   amounts due from Hettinger to Fregoso, is a condition precedent to Hettinger's right to receive
13   payment for work performed. *Id.* ¶ 22.

### C.     Amounts Owed to Fregoso

15   In October 2015, Fregoso was served with a lien on the Sonoma State project in the form
16   of an Amended Public Works Stop Notice. *Id.* ¶ 27. The notice, issued by the Plaintiff Trust
17   Funds, stated that unpaid fringe benefit contributions were due for work performed on the Sonoma
18   State project. *Id.* On December 21, 2015, counsel for the Plaintiff Trust Funds filed suit on the
19   stop notice in Sonoma County Superior Court, Case No. SCV-258178. *Id.* ¶ 28. The lawsuit
20   named Fregoso Builders, Sonoma State University, and the Board of Trustees of the California
21   State University as defendants and demanded amounts due pursuant to the stop notice. *Id.*

22   In response, Fregoso paid $39,350.97 to the Plaintiff Trust Funds pursuant to a settlement
23   agreement. *Id.* ¶ 29. As part of the agreement, the Plaintiff Trust Funds dismissed the lawsuit,
24   released the stop notice, and received an express assignment from Fregoso to pursue recovery on
25   its behalf against Hettinger. *Id.* ¶ 29 & Ex. 2 (Assignment). In turn, Fregoso was required to
26   terminate and replace Hettinger on the Sonoma State project. *Id.* ¶ 30. Fregoso alleges that no
27   amounts are owed to Hettinger because the costs to complete the project and pay the Plaintiff
28   Trust Funds to release the stop notice and dismiss the lawsuit exceeded the Sonoma State

1    subcontract price. *Id.* Plaintiffs allege Hettinger is liable to Fregoso for the amount paid by

2    Fregoso to the Plaintiff Trust Funds to clear the lien and lawsuit in the amount of $39,350.97. *Id.*

3    ¶ 31.

### D.   Procedural Background

Plaintiffs filed their initial Complaint in the present case on September 23, 2015, seeking damages against Hettinger related to unpaid contributions. ECF No. 1. Fregoso was not a named plaintiff. The case was initially assigned to Magistrate Judge Elizabeth Laporte. ECF No. 4. As Hettinger initially failed to appear, the Clerk of Court entered default against him on December 17, 2015. ECF No. 14.

On June 7, 2016, Plaintiffs filed a First Amended Complaint, adding Fregoso as a plaintiff and allegations that Fregoso assigned its rights to collect the $39,350.97 to the trust funds pursuant to the parties' settlement agreement. ECF No. 22.

On March 28, 2017, Plaintiffs filed a Motion for Default Judgment. ECF No. 39. However, on April 18, 2017, Hettinger, appearing pro se, filed a Motion to Set Aside Default. ECF No. 42. After Hettinger filed a request for reassignment to a district judge, ECF No. 47, Magistrate Judge Laporte directed the Clerk to reassign the case with a recommendation that both motions be denied. ECF No. 49. The case was subsequently reassigned to Judge Edward M. Chen, who adopted the report and recommendation and denied both motions as moot. ECF No. 51.

On July 21, 2017, Plaintiffs moved to file a Second Amended Complaint, seeking to add new damages figures. ECF No. 54. Judge Chen granted Plaintiffs' motion on October 13, 2017.[1] ECF No. 63.

On February 16, 2018, Hettinger filed an Answer and Counterclaim against Fregoso for breach of contract, alleging it owed unpaid benefits for the employees working on the Sonoma State project. ECF No. 82. On April 3, 2018, Judge Chen granted Fregoso's motion to dismiss the counterclaim with leave to amend. ECF Nos. 84, 88. After Hettinger failed to amend by the

---

[1] Plaintiffs did not formally file the second amended complaint as a separate docket entry. *See* ECF No. 54-1.

deadline, Judge Chen held a status conference on May 31, 2018, and directed Fregoso to "submit a proposed order dismissing it from the complaint." ECF No. 100. By order issued June 1, 2018, Judge Chen dismissed Hettinger's counterclaim in its entirety with prejudice for his failure to amend. ECF No. 99.

On August 23, 2018, Plaintiffs filed a motion for summary judgment. ECF No. 104. Judge Chen held a hearing on September 27, 2018, at which Hettinger, now appearing through counsel, stated with regard to the counterclaim against Fregoso:

> So there was a dismissal with prejudice, a cross-complaint against the contractor [Fregoso]. We would also want to move to have that dismissal with prejudice vacated, not for reasons of bringing a cross-complaint in this case but for allowing us to proceed in state court on a cross-complaint for indemnity or complaint for indemnity.
>
> * * *
>
> We move to vacate the dismissal with prejudice of the cross-complaint against the contractor. We're not asking to refile a complaint here. We just want the dismissal with prejudice to be done without prejudice.

ECF No. 158 at 6:5-11, 12:20-24.

Plaintiffs' counsel objected to this request because Hettinger "was given a chance to amend his complaint and didn't file anything with the Court." *Id.* at 13:3-5.

Judge Chen, after hearing oral arguments ruled from the bench:

> Well, if he's [Defendant] indicating that the condition is that they're not going to be refiling here, it's a matter of state court proceedings between the general and the sub, does that affect our -- seems like that wouldn't affect. Especially based on what you say, liability is liability, doesn't matter who is owed what, it's between them.
>
> * * *
>
> All right. Then I will vacate the prior dismissal order with prejudice and change it to dismissal without prejudice, as against the general contractor [Fregoso], with the understanding, though, that without prejudice means that any further action will be filed in state court and not in this court.

*Id.* at 13:6-11, 14-19.

Hettinger's counsel confirmed: "Absolutely, Your Honor." *Id.* at 13:20.

By minute order issued September 27, 2018, Judge Chen vacated his June 1, 2018, order

6

and ordered Hettinger's counter-complaint "dismissed without prejudice to file in state court." ECF No. 118.

On December 3, 2018, the parties consented to proceed before a magistrate judge, ECF No. 127, and the case was reassigned to the undersigned, ECF No. 129.

On January 17, 2019, the Court granted Plaintiffs' summary judgment motion as to all claims. ECF No. 143. The Ninth Circuit subsequently reversed and remanded, finding Plaintiffs failed to allege a breach of contract claim in their pleadings. ECF No. 172.

On July 2, 2020, Plaintiffs moved for leave to file a Third Amended Complaint. ECF No. 179. After Hettinger failed to file an opposition, the Court granted Plaintiffs' motion. ECF No. 180. Plaintiffs filed their amended complaint on July 21, 2020, adding a cause of action for breach of contract. ECF No. 181.

Hettinger filed an Answer to Plaintiffs' Third Amended Complaint and a Counter-Complaint against Fregoso on August 27, 2020. ECF Nos. 183, 184.[2] In his counter-complaint, Hettinger seeks an order requiring Fregoso to pay for the reasonable value of his work on the Sonoma State project, including labor, material, overhead and ERISA contribution costs.

On September 8, 2020, Plaintiffs filed the present motion to dismiss. Hettinger filed his motion to dismiss or for judgment on the pleadings one day later.

### III. LEGAL STANDARD

**A.    Federal Rule of Civil Procedure 12(b)(6)**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with

---

[2] Hettinger originally filed his answer and counter-complaint as one docket entry, but the Clerk of Court instructed him to file them separately; thus, his counter-complaint is docketed at ECF No. 183 on August 27 and ECF No. 184 on August 31.

1  "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555
2  (quotations and citation omitted); Fed. R. Civ. P. 8(a)(2) (A complaint must contain a "short and
3  plain statement of the claim showing that the pleader is entitled to relief."). In considering a
4  motion to dismiss, the court accepts factual allegations in the complaint as true and construes the
5  pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine
6  Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).
7  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to
8  threadbare recitals of a cause of action's elements, supported by mere conclusory statements."
9  *Iqbal*, 556 U.S. at 678.
10  If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no
11  request to amend the pleading was made, unless it determines that the pleading could not possibly
12  be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en
13  banc) (citations and quotations omitted). However, a court "may exercise its discretion to deny
14  leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated
15  failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing
16  party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876,
17  892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182
18  (1962)).

**B.   Federal Rule of Civil Procedure 12(c)**

Rules 12(b)(6) and 12(c) are substantially identical; both permit challenges to the legal sufficiency of the opposing party's pleadings. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (under both rules, "a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy"). All allegations of fact by the party opposing the motion are accepted as true and construed in the light most favorable to that party, while the allegations of the moving party are assumed to be false. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal*

8

*Roach Studios, Inc., v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citing *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (1984)).

Generally, a court may consider only allegations made in the complaint and the answer; extrinsic factual material may not be taken into account. *Powe v. Chicago*, 664 F.2d 639, 642 (7th Cir. 1981). However, materials properly attached to a complaint as exhibits may be considered. *Amfac Mortg. Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 429 & n.2 (9th Cir. 1978); Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

## IV.   DISCUSSION

### A.   Plaintiffs' Motion

Fregoso argues Hettinger fails to state how he is entitled to relief in light of the untimeliness of his counter-complaint and Judge Chen's order dismissing his previous counter-complaint. Pls.' Mot. at 6. First, it notes Hettinger's counter-complaint is untimely because he filed it 37 days after Plaintiffs filed their third amended complaint. *Id.* at 7. Second, it argues Hettinger has ignored the Court's prior order dismissing his counter-complaint without prejudice to filing in state court and, "through the same counsel who stipulated before this Court in 2018, has now done exactly that which this Court has forbidden and which he promised not to do: file a counter-complaint against Fregoso in this Court." *Id.* at 7-8. Fregoso requests the Court "enforce its prior Orders dated June 1, 2018 and September 27, 2018 as law of the case and dismiss the counter-complaint with prejudice. Not only is the filing of this pleading procedurally late but it is forbidden by the prior Orders and agreement of counsel." *Id.* at 8.

As a preliminary matter, the Court finds Hettinger's counter-complaint is untimely. Federal Rule of Civil Procedure 12(a)(1)(A)(i) states a party must file a responsive pleading "within 21 days after being served with the summons and complaint." Rule 13(a)(1) states "A pleading must state as a counterclaim any claim that–at the time of its service–the pleader has against an opposing party." Here, Plaintiffs filed their third amended complaint on July 21, 2020, yet Hettinger did not file his counter-complaint until August 27, 2020, 37 days later. It is undisputed that Hettinger had an alleged claim against Fregoso at the time he was served with the

9

third amended complaint. Indeed, the allegations in the counter-complaint are based on the same facts alleged in the original complaint and each of its subsequent amendments.

Regardless, even if Hettinger's counter-complaint was timely, Hettinger's counsel stated to Judge Chen that he would not bring "a cross-complaint in this case" and would "proceed in state court on a cross-complaint for indemnity or complaint for indemnity." ECF No. 158 at 6:5-11. In accepting counsel's request to dismiss without prejudice, Judge Chen explicitly stated "any further action will be filed in state court and not in this court." *Id.* at 158:6:9. Hettinger's counsel confirmed: "Absolutely, Your Honor." *Id.* at 158:13:20. Despite Judge Chen's prior orders, and his confirmation that he would not do so, Hettinger now seeks to bring a complaint for indemnity as part of this case. The Court therefore affirms its prior orders dated June 1, 2018 and September 27, 2018 and **GRANTS** Fregoso's motion to dismiss Hettinger's counter-complaint. Dismissal is without prejudice to filing in state court.

### B. Hettinger's Motion

Hettinger raises several arguments in his motion. First, he argues he and Fregoso never agreed upon or entered into the contract attached to Plaintiffs' third amended complaint because he signed it as a fixed price contract on June 2, 2015, but Fregoso subsequently made handwritten changes that materially altered the terms as to the method of compensation. Def.'s Mot. at 5. Based on these changes, Hettinger argues there was no meeting of the minds on terms. *Id.* at 7-8. Second, he argues the breach of contract claim is barred by the statute of limitations because it was signed in June 2015 and Fregoso agreed to pay the Trust Funds in March 2016. *Id.* at 8. Thus, he argues the claim accrued at the latest in March 2016, yet Plaintiffs did not file the breach of contract claim until July 2020. *Id.* at 8-9. Third, Hettinger argues the Court has no supplemental or subject matter jurisdiction over the breach of contract claim because there is no common nucleus of operative fact between it and Plaintiffs' federal ERISA claim. *Id.* at 10.[3]

---

[3] Hettinger also argues the third amended complaint must be dismissed because Fregoso seeks to bring an ERISA claim but is not a signatory to the Union Agreements and therefore cannot allege such a claim. *Id.* at 11. However, the allegations in Plaintiffs' first cause of action relate to the Plaintiff Trust Funds only and make no mention of the Fregoso/Hettinger contract. Plaintiffs also clarify they "have not and do not intend to allege any ERISA cause of action between Fregoso and Hettinger." Pls.' Opp'n at 21. Accordingly, this argument is without merit.

In response, Plaintiffs argue Hettinger's 12(b)(6) motion is untimely because he filed it after his answer and his 12(c) motion is premature because they have not filed an answer to his counterclaims. Pls.' Opp'n at 7-8. Plaintiffs are correct as to Rule 12(b), which requires that a motion asserting a defense under 12(b)(6) "must be made before the responsive pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b); *see also Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004) ("A Rule 12(b)(6) motion must be made before the responsive pleading."). Thus, as Hettinger has already filed an answer to the third amendment complaint, his motion to dismiss is untimely and is therefore **DENIED**.

Because Hettinger moves under both 12(b)(6) and 12(c), the Court may still consider the motion as one for judgment on the pleadings. *See Elvig*, 375 F.3d at 954 ("[T]he Defendants filed their motion to dismiss after filing their answer. Thus, the motion should have been treated as a motion for judgment on the pleadings, pursuant to Rule 12(c) or 12(h)(2).") (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir.1980)). However, any such motion under Rule 12(c) is premature. Rule 12(c) states that: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "For purposes of Rule 12(c), the pleadings are 'closed' only when the parties have filed all of the pleadings Rule 7(a) contemplates." *Norcal Gold, Inc. v. Laubly*, 543 F. Supp. 2d 1132, 1135 (E.D. Cal. 2008) (citing *In re Villegas*, 132 B.R. 742, 744 (B.A.P. 9th Cir. 1991) ("Pleadings are not closed until at least an answer has been filed . . . . Judgment on the pleadings may not be entered where no answer has been filed."). This includes an answer to a counterclaim and crossclaim. Fed. R. Civ. P. 7(a).

Here, Hettinger filed his counterclaim against Fregoso on August 31, 2020, and then filed the instant motion on September 9, before Plaintiffs filed a responsive pleading. As such, the pleadings are not closed and Hettinger's motion for judgment on the pleadings is premature. *See Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) (motion for judgment on the pleading filed before any answer was filed "was premature and should have been denied"); *Norcal Gold*, 543 F. Supp. 2d at 1135 ("[B]ecause the Laublys have not answered the United States' cross-

claim, Rule 12(c) does not permit the United States to move for judgment on the pleadings."). Accordingly, Hettinger's motion for judgment on the pleadings is **DENIED**.

Finally, although Hettinger argues the Court lacks jurisdiction over Fregoso's breach of contract claim, federal courts have the power to hear pendant state law claims where the federal and state claims "form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a); *United Mine Worker of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Under Ninth Circuit law, the relatedness requirement of § 1367(a) is met if the claims derive from a common nucleus of operative fact and, as such, would ordinarily be expected to be tried in the same proceeding. *See Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995). Given that Plaintiffs' ERISA claim is based on the amounts Hettinger failed to pay for work performed on the Sonoma State project, and Fregoso's breach of contract claim is also based on the amounts Hettinger failed to pay for work on the same project, the Court finds the breach of contract claim is properly part of this case.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Fregoso's motion to dismiss Hettinger's counterclaims **WITHOUT PREJUDICE** to filing in state court and **DENIES** Hettinger's motion to dismiss and/or for judgment on the pleadings.

**IT IS SO ORDERED.**

Dated: October 6, 2020

THOMAS S. HIXSON
United States Magistrate Judge